IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TROY KING, DOUG BARNETT and GRAHAM RUPE, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) 8:05CV27 ) ) ORDER |
| ASSET APPRAISAL SERVICES, INC. and MICHAEL COX, | ) ) ) ) |
| Defendants. | ) |

This matter is before the court on plaintiff's motions to compel discovery (Filings 77, 80 & 83). The motions have been fully briefed, and the movants have substantially complied with NECivR 7.1(i). For the reasons discussed below, I find that plaintiffs' motions should be granted.

## BACKGROUND

This is a collective action to recover overtime pay pursuant to the Fair Labor Standards Act (FLSA). The FLSA provides that no employer within the meaning of the Act "shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). This provision does not apply to persons employed in a bona fide executive, administrative, or professional capacity, *see* 29 U.S.C. § 213(a)(1), and the defendants affirmatively allege, *inter alia*, that the plaintiffs are exempt from the FLSA's wage and overtime requirements.

On May 2, 2006, the plaintiffs served requests for production of documents on the defendants. Although they did produce some documents, the defendants asserted boilerplate objections on grounds of ambiguity, undue burden, and relevance to virtually all the requests.[1] Plaintiffs now seek an order compelling the defendants to produce all responsive documents and to otherwise provide full and complete responses to the document requests.

## LEGAL ANALYSIS

Under Fed. R. Civ. P. 26(b)(1), parties to a lawsuit "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Discovery rules are to be "broadly and liberally construed" in order to serve the purpose of discovery, which is to provide the parties with information essential to the proper litigation of all relevant facts, to eliminate surprise, and to promote settlement. *Rolscreen Co. v. Pella Products of St. Louis, Inc.*, 145 F.R.D. 92, 94 (S.D. Iowa 1992); *see also St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 511 (N.D. Iowa 2000). "Thus, as long as the parties request information or documents relevant to the claims at issue in the case, and such requests are tendered in good faith and are not unduly burdensome, discovery shall proceed." *St. Paul Reinsurance Co.*, 198 F.R.D. at 511.

> The party resisting production bears the burden of establishing lack of relevancy or undue burden. *Oleson v. Kmart Corp.,* 175 F.R.D. 560, 565 (D. Kan. 1997) ("The objecting party has the burden to substantiate its objections.") (citing *Peat, Marwick, Mitchell & Co. v. West,* 748 F.2d 540 (10th Cir. 1984), *cert. dismissed,* 469 U.S. 1199(1985)); *accord G-69 v. Degnan,* 130 F.R.D. 326, 331 (D.N.J. 1990); *Flora v. Hamilton*, 81 F.R.D.

---

[1] The defendants did indicate that "subject to and without waiving any objection," they were unable to locate any documents "specifically" responsive to certain requests, or that they would or had already produced other responsive documents.

> 576, 578 (M.D.N.C. 1978). The party must demonstrate to the court "that the requested documents either do not come within the broad scope of relevance defined pursuant to Fed. R. Civ. P. 26(b)(1) or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure...." *Burke v. New York City Police Department,* 115 F.R.D. 220, 224 (S.D.N.Y. 1987). Further, the "mere statement by a party that the interrogatory [or request for production] was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection." *Josephs v. Harris Corp.,* 677 F.2d 985, 992 (3d Cir. 1982) (quoting *Roesberg v. Johns-Manville Corp.,* 85 F.R.D. 292, 296-97 (E.D. Pa. 1980)); *see also Oleson,* 175 F.R.D. 560, 565 ("The litany of overly burdensome, oppressive, and irrelevant does not alone constitute a successful objection to a discovery request.") (citation omitted). "On the contrary, the party resisting discovery 'must show specifically how ... each interrogatory [or request for production] is not relevant or how each question is overly broad, burdensome or oppressive.'" *Id.* at 992 (quoting *Roesberg,* 85 F.R.D. at 296-97); *see also Oleson,* 175 F.R.D. 560, 565 ("The objecting party must show specifically how each discovery request is burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden."); *Cipollone v. Liggett Group, Inc.,* 785 F.2d 1108, 1121 (3d Cir. 1986) (holding that it is not sufficient to merely state a generalized objection, but, rather, objecting party must demonstrate that a particularized harm is likely to occur if the discovery be had by the party seeking it); *Degnan,* 130 F.R.D. at 331 (D.N.J. 1990) (same).

*St. Paul Reinsurance Co.*, 198 F.R.D. at 511-512; *accord Carlton v. Union Pac. R.R. Co.*, Case No. 8:05CV293, 2006 WL 2220977 at *2 (D. Neb., Aug. 1, 2006).

Considering the standards set out in *St. Paul Reinsurance Co.*, and based on my review of the discovery requests, the defendants' responses, and the parties' written arguments, I find that all objections based on relevance, ambiguity[2], and undue burden should be overruled.

---

[2]Generally, the discovery requests do supply "reasonable notice of what is called for and what is not."  *See St. Paul Reinsurance Co.*, 198 F.R.D. at 514.  If any alleged "ambiguity" is based on a typographical or grammatical error, the court expects defense counsel to clarify the matter by contacting plaintiffs' attorney.

Rule 34(a) contemplates production of responsive materials "within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served[.]" The court agrees with the plaintiffs that, due to the language used in the defendants' responses, it is unclear whether all responsive documents have been produced or whether the defendants have conducted a good-faith and diligent search for responsive materials. I will, therefore, require the defendants to serve amended responses to plaintiffs' requests for production of documents indicating (a) whether responsive documents do or do not exist and (b) whether all responsive documents have been produced after a diligent and good-faith effort to locate responsive materials. In this regard, the defendants are cautioned that they are expected to "broadly and liberally" construe the term "responsive" and that they must produce all materials responsive to requests to which they previously asserted objections based on relevance, ambiguity, or undue burden.

As to any objection based on work-product or attorney-client privilege, the defendants are required to comply with paragraph 3 of the Initial Progression Order (Filing 12):

> **Withholding Documents from Disclosure or Discovery**. If any document is withheld from production or disclosure on the grounds of privilege or work product, the producing party shall disclose the following information about each such document withheld: a description of the document withheld with as much specificity as is practicable without disclosing its contents, including (a) the general nature of the document; (b) the identity and position of its author; (c) the date it was written; (d) the identity and position of its addressee; (e) the identities and positions of all persons who were given or have received copies of it and the dates copies were given to them; (f) the document's present location and the identity and position of its custodian; (g) the specific reason or reasons why it has been withheld from production or disclosure.

Furthermore, the defendants shall show cause why sanctions should not be imposed pursuant to Fed. R. Civ. P. 37(a). Fed. R. Civ. P. 37(a)(4)(A) provides:

> If the motion [to compel] is granted ... the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds ... that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

After the defendants have a chance to respond, the court will grant the plaintiffs reasonable expenses for filing the motions to compel, unless defendants show substantial justification for their nondisclosure, responses, or objections. *See* Fed. R. Civ. P. 37(a)(4).

## ORDER

**IT IS ORDERED** that plaintiffs' motions to compel discovery (Filings 77, 80 & 83) are granted, as follows:

1. Defendants' objections based on relevance, ambiguity, and undue burden are overruled.

2. Defendants shall serve amended responses to plaintiffs' requests for production of documents clearly indicating (a) whether responsive documents do or do not exist and (b) whether all responsive items have been produced after a diligent and good-faith effort to locate responsive materials. Defendants are given until and including **September 28, 2006** to serve the amended responses, to produce any responsive materials that were not already produced, and to file a certificate of service for the responses pursuant to NECivR 34.1(b).

3. Defendants shall, no later than **October 16, 2006**, file a Response to this order showing cause why the plaintiffs should not be awarded reasonable costs and attorney's fees incurred in bringing their motions to compel, in accordance with Fed. R. Civ. P. 37(a)(4)(A).

**DATED September 14, 2006.**

            **BY THE COURT:**

            s/ F.A. Gossett
            **United States Magistrate Judge**